## BARGER v. SOUTHEASTERN GREYHOUND LINES and eight other cases.

### Nos. 1659–1667.

United States District Court
E. D. Tennessee, S. D.
Feb. 6, 1951.

Graham & Van Derveer, Chattanooga, Tenn., for plaintiff.

Strang, Fletcher & Carriger, Chattanooga, Tenn., for defendant.

DARR, Chief Judge.

In each of the above cases, the defendant has moved for a more definite statement of the case pursuant to the provisions of Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

In view of the provisions of Rule 8(a) that the pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief", and in view of the provisions for discovery which the Rules afford, the Court considers that the complaints are sufficient with one exception.

180

There is want of clarity as to whether the second count (so-called) is intended to present a claim for libel or for false imprisonment.

The statement of· facts at the commencement of the complaint outlining an alleged false imprisonment is by reference made a part of the second count, whereas the second count, taken by itself, seems grounded on libel.

The plaintiffs are therefore required to clarify the allegations of the second count to indicate clearly whether it is intended to set up a cause of action for false imprisonment or for libel.

In other respects the defendants' motions are overruled.

Order accordingly.